NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 14a0447n.06

Case No. 13-4228

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

FILED
Jun 19, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CAMILLE OBNAMIA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| ERIC K. SHINSEKI, Secretary, Department | ) | OHIO |
| of Veterans Affairs, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE: ROGERS and COOK, Circuit Judges; MURPHY, District Judge[*]

PER CURIAM. Plaintiff Camille Obnamia, a traveling nurse who suffers from hearing impairments and related balance difficulties, appeals the district court's grant of summary judgment to her employer, the Department of Veterans Affairs (VA), on her claims for reasonable accommodations and retaliation under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* Though Obnamia's employment history involves multiple accommodation requests, she presently seeks two adjustments to her workplace: (1) a private office to minimize disruptive background noise, and (2) handrails in a hallway where she suffered head injuries from a fall. Her retaliation claim stems from the temporary suspension of

---

[*]The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

her driving privileges following her request for handrails. After carefully reviewing the record, the applicable law, and the parties' briefs, we find that the district court's opinion diligently and correctly sets out the undisputed facts and governing law. We AFFIRM on the basis of its well-reasoned opinion with these additional comments.

On appeal, Obnamia takes issue with three aspects of the district court's judgment: (1) that her ability to perform her job well without accommodation defeated her claim for a private office; (2) that she failed to demonstrate a need for handrails in the hallway in which she fell; and (3) that the temporary suspension of driving privileges pending medical review following her fall did not evince retaliation. For each of these claims, Obnamia asserts a genuine issue of material fact. These arguments lack merit.

On the reasonable accommodation claims, we agree with the district court that Obnamia failed to carry her burden of demonstrating the reasonableness of her proposed accommodations. *See, e.g.*, *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 870 (6th Cir. 2007). Reasonable accommodations consist of "[m]odifications or adjustments to the work environment, or to the manner or circumstances under which the position . . . is customarily performed, that enable an individual with a disability . . . to perform the essential functions of that position." 29 C.F.R. § 1630.2(o)(ii). An ADA plaintiff must show that the "accommodation is reasonable in the sense both of efficacious and of proportional to costs." *Keith v. Cnty. of Oakland*, 703 F.3d 918, 927 (6th Cir. 2013) (quoting *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1183 (6th Cir. 1996)). As the district court explained, our decisions generally require an ADA plaintiff to show the need for a proposed accommodation "in light of the plaintiff's known physical limitations." *See, e.g.*, *Johnson v. Cleveland City Sch. Dist.*, 344 F. App'x 104, 111 (6th Cir. 2009) (citing *Nance v.*

*Goodyear Tire & Rubber Co.*, 527 F.3d 539, 557 (6th Cir. 2008)).  Plaintiff failed to do so for her proposed accommodations.

With regard to the private office request, Obnamia admits that she successfully performed her job without a private office.  (*See* R. 18-1, Obnamia Aff. ¶ 3; R. 15-1, Obnamia Dep. at 52:6–12.)  In light of that admission, Obnamia has not adequately explained her need for a private office to address her hearing impairment.  Further undermining the reasonableness of the accommodation, she offers no evidence rebutting the district court's finding that "none of [her] requests for a private office mentions" her current disability-based justification for the private office: "a need to reduce background noise" to enable her to overcome her hearing difficulties.  Instead, her requests mentioned harassment by her coworkers and expressed her concern that the symptoms of her disability disturbed coworkers.  (*See* Appellant Br. at 6–7; R. 18-1, Obnamia Aff. Exs. 1–2; R. 15-2, Accommodation Request.)  Finally, although a physician recommended a "solitary work-space" as a way to "minimize . . . background noise and maximize her efficiency," he did not deem this change essential to her performance of job functions, and a clinical audiologist recommended more modest adjustments to her workspace to facilitate working near colleagues.  (*Compare* R. 15-6, Dodson Letter, *with* R. 15-5, Szopa Letter (recommending "positioning [Obnamia's] desk towards co-workers or [the] office doorway, allowing her face-to-face communication").)  Presented with this evidence, the district court properly found Obnamia's threshold reasonableness showing wanting.

So too for the handrails request, as Obnamia offers no evidence linking handrails in this location to the performance of her job.  She vouches for the handrails only as a means of mitigating her injuries from the fall.  Yet the district court correctly notes that she admitted not using her prescribed three-legged cane at the time of the fall—a tool she concedes

assists with her balance issues. (R. 18-1, Obnamia Aff. ¶ 6.) We agree with the district court that Obnamia "failed to indicate how handrails would be reasonable in light of her ability to rely upon her doctor-prescribed cane to help her balance."

Finally, on the retaliation claim, we concur in the district court's judgment that the temporary suspension of driving responsibilities falls short of an actionable adverse action because it effected no material change in the terms and conditions of Obnamia's employment. *See, e.g.*, *Trepka v. Bd. of Educ.*, 28 F. App'x 455, 462 (6th Cir. 2002); *Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 885–87 (6th Cir. 1996). "[R]eassignments without salary or work hour changes do not ordinarily constitute adverse employment decisions in employment discrimination claims." *Kocsis*, 97 F.3d at 885 (citing *Yates v. Avco Corp.*, 819 F.2d 630, 638 (6th Cir.1987)). Here, Obnamia continued to work with pay during the suspension, which lasted until a specialist cleared her for driving duties. The VA imposed no other limitations to her work responsibilities after her fall. Though Obnamia stresses the importance of driving to her job as a traveling nurse and argues that the district court overlooked "the possibility of her being terminated," she offers no evidence of the suspension imperiling her job. Indeed, her deposition testimony contradicts her affidavit's vague account of the suspension preventing her from doing her job "for several weeks," explaining that she had a "lot of [computer] work . . . to do until [she] got the doctor's clarification, which came *within a week*." (*Compare* R. 18-1, Obnamia Aff. ¶ 19, *with* R. 15-1, Obnamia Dep. at 82:2–18 (emphasis added).) In the absence of specific evidence that the suspension materially affected the terms of her employment, the district court properly denied this claim.

We AFFIRM.